GEORGE W. CARMICHAEL & CO. v. PATRICK McCOURT ET AL.

1. BOARD OF PUBLIC WORKS—LOWEST BIDDER, AS SUCH, MAY NOT ENJOIN LETTING OF CONTRACTS.

A suit in injunction to restrain the board of public works from entering into contracts claimed to have been let to other than the lowest responsible bidder may not be maintained by an unsuccessful bidder, claiming to have been the lowest, except he sue in the capacity of a taxpayer.

2. LAWS RELATING TO THE BOARD OF PUBLIC WORKS DISTINGUISHED FROM PUBLIC BUILDINGS CODE.

The sections of the revised statutes relating to the letting of contracts, etc., by the board of public works are distinct from and independent of those sections which relate to the letting of contracts, etc., under the caption of "Public Buildings." Thus, a greater latitude of discretion is allowed the board of public works in passing on bids for contract work than to officers with similar powers under the public buildings code.

APPEAL from Summit common pleas court.

**Rogers, Rowley, Bradley & Rockwell,** for plaintiff.
**D. A. Doyle** and **Geo. H. Jones,** for defendant:

Lowest bidder. *Boseker v. Wabash Co. (Comrs.)* 88 Ind. 267; *Hoole v. Kinkead,* 16 Nev. 217; *Commonwealth v. Mitchell,* 82 Pa. St. 343; *State v. McGrath,* 91 Mo. 386 [3 S. W. Rep. 846]; *Dunklin Co. v. Dunklin Co. Dist. Ct.* 23 Mo. 449; *State v. Garesche,* 65 Mo. 480; *Hancock v. Ewing,* 55 Mo. 101; *Marquez v. Frisbie,* 101 U. S. 475 [25 L. Ed. 800]; *Rice v. Austin,* 19 Minn. 103 [18 Am. Rep. 330]; *Findley v. Pittsburgh,* 82 Pa. St. 351; *Heffner v. Commonwealth,* 28 Pa. St. 108; High, Injunctions Sec. 797; *Gaines v. Thompson,* 72 U. S. (7 Wall.) 347 [19 L. Ed. 62]; *Warfel v. Cochran,* 34 Pa. St. 381; 3 Wait, Act.

Def. 749; High, Extra. Leg. Rem. Sec. 92; *State* v. *Pond Du Lac (Bd. of Ed.)*, 24 Wis. 683; *People* v. *Canal Board,* 13 Barb. 432; *People* v. *Albany (Supvrs.)*, 12 Johns. 414; *Kelly* v. *Chicago,* 62 Ill. 279; 15 Am. & Eng. Enc. Law (1 ed.) 1090 *et seq*; *Ross* v. *Board of Ed.* 42 Ohio St. 374; *Mooers* v. *Smedley,* 6 Johns. Ch. 28; *Reeside* v. *Walker,* 52 U. S. (11 How.) 275 [13 L. Ed. 693]; High, Injunctions Sec. 979; *Brooklyn (Mayor)* v. *Meserole,* 26 Wend. 132; *Hyatt* v. *Bates,* 40 N. Y. 164; *People* v. *Contracting Board,* 27 N. Y. 378; *People* v. *Croton Aqueduct Board,* 49 Barb. 259; *Free Press Assn.* v. *Nichols,* 45 Vt. 7; *People* v. *Contracting Board,* 33 N. Y. 382; Am. & Eng. Enc. Law (2 Ed.) 839; *People* v. *Kent,* 160 Ill. 655 [45 N. E. Rep. 760]; *State* v. *Rickards,* 16 Mont. 145 [40 Pac. Rep. 210; 28 L. R. A. 298; 50 Am. St. Rep. 476; *People* v. *Dorsheimer,* 55 How. Pr. 118; *Interstate Vitrified Brick & Pav. Co.* v. *Philadelphia,* 164 Pa. St. 477 [30 Atl. Rep. 383]; *Reuting* v. *Titusville,* 175 Pa. St. 512 [34 Atl. Rep. 916]; *Kelly* v. *Chicago,* 62 Ill. 279; *Wiggins* v. *Philadelphia,* 2 Brews. (Pa.) 444; *Weed* v. *Beach,* 56 How. Pr. 470; *People* v. *Dental Examiners,* 110 Ill. 180; *Mayo* v. *County Comrs.* 141 Mass. 74 [6 N. E. Rep. 757]; *Mills Pub. Co.* v. *Larrabee,* 78 Iowa 97 [42 N. W. Rep. 593]; *East River Gas-Light Co.* v. *Donnelly,* 93 N. Y. 557; *State* v. *Scott,* 17 Neb. 686; *Times Pub. Co.* v. *Everett,* 9 Wash. 518 [37 Pac. Rep. 695; 43 Am. St. Rep. 865]; *State* v. *Directors,* 5 Ohio St. 234; *Goss* v. *Capitol Commission,* 11 Wash. 474 [39 Pac. Rep. 972]; *State* v. *Shelby Co. (Comrs.)* 36 Ohio St. 326; *American Pavement Co.* v. *Wagner,* 139 Pa. St. 623 [21 Atl. Rep. 160]; *People* v. *Croton Aqueduct Board,* 36 Barb. 240; *State* v. *Abbot,* 25 O. C. C. 538; *Akron* v. *France,* 24 O. C. C. 63.

## HENRY, J.

These two actions [George W. Carmichael & Co. v. Patrick McCourt and George W. Carmichael & Co. v. Daniel McCarry et al.] came into this court on appeal, and were tried together. In each of them the plaintiffs, who are contractors, seek to enjoin the board of public works and certain rival contractors from entering into contracts for the supplying of materials and the performance of work for which the contractors last mentioned have been declared to be the successful bidders.

It is claimed that plaintiff was really the lowest bidder for the contracts in question and that the board arbitrarily and fraudulently changed the estimates in one case after the advertisement and bidding were completed, but before the award was made; and in the other case unlawfully combined certain bids for different portions of the subject-

Carmichael & Co. v. McCourt.

matter of the bidding so as to render plaintiff's lowest bid apparently, though not really, higher than those of his successful competitors.

Plaintiff bases his right to sue upon his supposed right as the lowest bidder under the advertisement and the law, and not upon his right as a taxpayer or citizen of the state of Ohio to protect himself and others in like case from unlawful expenditure of public funds. There is no allegation in the petition in either case that the plaintiffs are citizens or taxpayers or residents or voters in Ohio. The plaintiff's right of action moreover is based avowedly upon Chap. 1, Title 4, Rev. Stat., entitled public buildings; Secs. [Lan. R. L. 1744 to 1753] 785 to 794 whereof provide, that no contract for public improvements shall be let, by municipal or other public officers therein mentioned, otherwise than upon advertisement and to the lowest bidder, except under circumstances and conditions not material here.

Defendants contend, however, first, that plaintiff, in the capacity of lowest bidder merely, cannot maintain an action of this character, or of any character, on the facts of this case, because the advertisement expressly reserved the right in the board of public works to reject any and all bids, and, therefore, a rejected bidder, even though he be the lowest, has no right of action in the premises which the law will recognize or enforce.

The defendants further contend that the chapter on public buildings in the revised statutes, however appropriate the phraseology of particular sections thereof may seem to be to the facts of this case, can have no application to the canals or to the board of public works of the state of Ohio, both of which subjects have been for nearly a hundred years governed solely by a code of laws expressly applicable to them, and hence exclusive of the operation of the public buildings code, so-called. The only law, therefore, which is applicable, in their view, to this case is Lan. R. L. 1333 (B. 218-44), which provides that contracts shall be awarded to the lowest responsible bidders, and which thus vests in the board a discretion finally and conclusively to determine who are the lowest responsible bidders with respect to the peculiar kind of improvements that the board of public works is empowered under the constitution and the laws of Ohio to administer.

Upon the former question we were at first inclined to resolve in favor of the plaintiff the doubts expressed by the presiding judge on the hearing, and to follow the authority of *Lake Shore Foundry* v. *Cleveland,* 4 Circ. Dec. 230 (8 R. 671), a case which was decided by this court when it was differently constituted, and which apparently

holds that a lowest bidder might, as such, enjoin a public officer from letting a contract to other than the lowest bidder wherever the law expressly forbids letting it to any other.

The syllabus in that case is, in part, as follows: "When a city advertises for bids for water pipe, and accepts a bid claimed to be invalid as not in conformity to the advertisement, the next lowest bidder may bring suit in injunction, without request under Sec. [Lan. R. L. 3281] 1778 Rev. Stat., to the city solicitor to bring it."

But a careful examination of that case discloses the fact that the Supreme Court decisions there cited, in support of the holding therein made, do not so decide. On the contrary, we find it is undoubtedly the law that although injunction may indeed be the proper remedy in such cases, it cannot be maintained by the lowest bidder, except he sue in the capacity of a taxpayer. See *Colorado Paving Co.* v. *Murphy,* 78 Fed. Rep. 28 [49 U. S. App. 17; 23 C. C. A. 631; 37 L. R. A. 630]. The syllabus of that case is instructive:

"One who seeks relief from the courts for a breach of a duty imposed upon public officers by statute must show that he has a vested right to the discharge of that duty, and that the statute which imposed it was enacted for the benefit of himself and others in a like situation.

"If the duty was imposed for the benefit of another person or class of persons, and the complainant's advantage from its discharge is merely incidental, and not a part of the design of the statute, no such right is created as forms the subject of an action at law or of a suit in equity.

"The usual provision in city charters that contracts for public work shall be awarded to the lowest reliable and responsible bidders was not enacted to furnish employment for contractors, or to benefit a bidder for such work, but with the design to benefit and protect the property holders and taxpayers of the municipalities.

"Taxpayers and property holders whose rights of property will be injuriously affected by the fraudulent or arbitrary violation of this and similar provisions of city charters may maintain a suit to enjoin such action by public officers whose duty it is to comply with them.

"But the lowest reliable and responsible bidder for a contract for public work has no such vested or absolute right to a compliance with such provisions of the statutes as will entitle him to maintain an injunction against their violation by public officials, because these provisions of the statutes were not enacted for his benefit, or for the benefit of his class.

"The presentation by a reliable and responsible bidder of the lowest bid for a contract for public work to officials whose duty it is, under the charter of a city, to let the contract to the lowest reliable and responsible bidder, but who have the right, under the statute, to reject all bids, and who have given notice in their advertisement for bids that they reserve the right to reject any and all bids, does not constitute an agreement that they will make a contract for the work with such a bidder; nor does it vest in him such an absolute right to the contract as will authorize a court of equity, at his suit, to compel the officials, or the municipality they represent, to enter into a contract for the work with him, when they are about to award, or have awarded, it to a higher bidder."

In the quotation just read we have in part anticipated the remaining question which is presented in this case. On consideration of that question we find that the plaintiff is further prevented from maintaining this action upon the principles announced not only in the case just read but also by this court in *McClain* v. *McKisson*, 8 Circ. Dec. 357 (15 R. 517); and we refer particularly to pages 363 and 364. That case was affirmed without report in *McClain* v. *McKisson*, 54 Ohio St. 673. The character of the action there is sufficiently indicated by the first paragraph of the syllabus, which I read for that purpose:

"A taxpayer, though a non-resident of a city, has a right, after failure of the director of law, at the request of said taxpayer, to prosecute an action in mandamus, to bring such action himself, to restrain the city from entering into an unlawful contract for waterworks, if he is sincere in the claim that his principal object is to restrain the city from entering into an unlawful contract, even though his success will prove beneficial to one of the bidders, and although such bidder has agreed to indemnify the plaintiff for expenses incurred."

Reading now from the opinion of the court on page 363:

"Can the contract be awarded to one who is not the lowest bidder?

"This question involves an examination of the statutes, to determine under which provision this contract was let. Section 76 of the federal plan law, points out how the city is to proceed in case of an improvement or repair or purchase of supplies, where the cost exceeds $500; and paragraph 5 of that section provides:

"'If the work bid for embraces both labor and material, they shall be separately stated, with the price thereof.'

"Paragraph 6 reads:

" 'None but the lowest and best responsible bid shall be accepted when such bids are for labor and material separately, but the council may, at its discretion, reject all the bids, or accept any bid which may be the lowest aggregate cost, when recommended by the board of control.'

"This provision of paragraph 6 seemed to refer entirely to cases where labor and material may be bid for separately; that separate bids may be tendered and accepted when they are the lowest and best responsible bids; but if the fractional bids are not lower than any one bid which includes all the fractional parts, or is the aggregate of all of them, then the aggregate bid may be accepted.

"Section [Lan. 1753] 794," one of the sections of the chapter on public buildings, "applies to cities and towns and villages among other corporations and boards, but this section makes it imperative that the officer, board or authority calling for the bid, shall require separate and distinct proposals to be made for furnishing the materials for doing the work, or both, in their or his discretion, for each separate and distinct trade or kind of mechanical labor or employment, or business necessary to be used in making such public improvement. In this respect the statute is similar to the one in the federal plan law. It would seem from the notice inviting the bids, that the city was not proceeding, as to the character of the bids, under either of these provisions of law. The notice fully provides for a pumping engine, and that all steam pipes, fixtures, water pipes, mains, valves and labor are to be furnished with the pump. The bid called for is a unit, and gives no opportunity to anyone to bid separately on material or labor or anything else called for in the notice. The federal plan law places the waterworks of the city under the management of the director of public works of the city, who takes the place of the trustees or board under the provisions as provided for in the general law of the state pertaining to waterworks; and any authority in the law vested in the trustees or board, is now vested in such director."

The opinion proceeds to quote Lan. R. L. 3691 and 3695 (R. S. 2415 and 2419; B. 1536-526 and 1536-530), and then continues:

"The notice seems in all its parts and purposes to have been made under this section of the law. It is not made to harmonize with the purpose and intent of the provisions of the federal plan 'law, nor of the general provisions of the law as found in Sec. [Lan. 1753] 794; nor do the bids in any manner purport to be made under those sections; and it is evident that those sections were not intended to apply to a matter of this kind. And Sec. [Lan. 3695] 2419 is one under which the city

Carmichael & Co. v. McCourt.

authorities had a right to call for bids. They have called for bids under this section. The bids have been made to conform to these provisions, and it is under this section that the authority of the city to award the contract is to be determined. This section gives to the city an option to award the contract to the lowest bidder, if in their opinion he can be depended upon to do the work with ability, promptness and fidelity; and if such be not the case, then they may award it to the next lowest bidder, or decline to contract. This section places this option entirely upon the opinion of the city authority, and the court certainly cannot interfere with that opinion."

Upon the reasoning of this court in that case it is plain that the laws relating to canals and to the board of public works are distinct from and independent of those provisions of law which in the revised statutes are grouped under the caption of public buildings. And we so hold.

That decision also illustrates the distinction whereby the law relating to the letting of contracts concerning the canals must be held to afford a latitude of discretion as to awards which is greater than the public buildings code, if it applied, would allow.

It is claimed in this case, however, that the board of public works acted fraudulently in altering its estimates just before the awards were made, but the testimony of the witnesses Paul and Perkins shows that however desirous they or the board may have been to favor the successful bidders, there was enough excuse for the changes made, to negative the imputation of fraud.

The petition, we hold, must be dismissed, for the reasons stated.

**Marvin** and **Winch, JJ.,** concur.